## BETSY S. REED
### V.
## EDWARD BAGGOTT.

1. PRIVITY OF CONTRACT.—The evidence failing to show that the work which was the foundation of this action was done at the instance or request of the defendant, there is no privity of contract between the parties, and the plaintiff cannot recover.

2. SPECIAL AGENCY.—In cases of a special agency, limited to one transaction, the law raises no inference that the agency continues or extends to other matters occurring years after.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding. Opinion filed March 2, 1880.

Mr. G. G. GIBONS, for appellant; as to privity of contract, cited Compton v. Payne, 69 Ill. 354; Walker v. Brown, 28 Ill. 378; Foley v. Bushway, 71 Ill. 386; Pfirshing v. Falsch, 87 Ill. 262; Strawn v. O'Hara, 86 Ill 55; McCarthy v. Carter, 49 Ill. 53; Fetterhoff v. Paul, 73 Ill. 173.

There is nothing to show any authority on the part of the husband to act for the wife: Potter v. Potter, 41 Ill. 80; Pomeroy v. Roberts, 18 Ill. 294; Pierce v. Hasbrouck, 49 Ill. 23; Boyd v. Merriell, 52 Ill. 151.

The wife is not liable for debts contracted by her husband, though she receives the benefit therefrom: Blood v. Barnes, 79

Ill. 437; Dean v. Bailey, 50 Ill. 481; Primmer v. Clabaugh, 78 Ill. 94; Klein v. Seibold, Ill. Syn. Rep. 120.

Giving a note for an entire account due is a presumption that it was intended as a settlement and satisfaction of the account: McConnell v. Stettinius, 2 Gilm. 707; White v. Jones, 38 Ill. 160; Morrison v. Smith, 81 Ill. 221; Leake v. Brown, 43 Ill. 372; Smalley v. Edey, 19 Ill. 207; Phy v. Clark, 35 Ill. 377.

Each of a series of instructions should be accurate: Denman v. Bloomer, 11 Ill. 177; C. B. & Q. R. R. Co. v. Lee, 60 Ill. 501; Coughlin v. The People, 18 Ill. 266; Farrell v. The People, 16 Ill. 506.

Where the evidence is evenly balanced, the instructions should state the law accurately: T. W. & W. R. R. Co. v. Moore, 77 Ill. 217; Shaw v. The People, 81 Ill. 150; Volk v. Roche, 70 Ill. 297; Ill. Cent. R. R. Co. v. Hammer, 72 Ill. 347.

Instructions should be based upon evidence: Bradley v. Parks, 83 Ill. 169; Reinback v. Crabtree, 77 Ill. 182; Ill. Cent. R. R. Co. v. Cragin, 71 Ill. 177 ; Amend v. Murphy, 69 Ill. 337.

Mr. C. F. REMICK, for appellee.

BAILEY, P. J. This suit was originally commenced before a justice of the peace, by Edward Baggott against Betsey S. Reed, to recover the sum of $109.50, claimed to be due from the defendant to the plaintiff on an account for plumbing, gas-fitting, etc., done by him for her. On appeal to the Circuit Court, a trial was had, resulting in a verdict for the plaintiff for $109.50, and judgment thereon for that sum and costs.

The facts disclosed by the evidence are substantially as follows: In April, 1873, the defendant opened a barber shop in the Briggs House, and supplied it with the necessary furniture and fixtures. From that date down to some time in the early part of 1876, she carried on business at that place in her own name, giving it her personal attention, and also employed her husband, Thomas G. Reed, to assist her. In January, 1876, the Briggs

Reed v. Baggott.

House was closed, and thereupon Mrs. Reed relinquished said business, and had nothing to do with it thereafter. Shortly afterwards, said Thomas G. Reed commenced said business at the same place on his own account, and took a lease of the barber shop to himself, running for the term of one year from May, 1876. From that time he continued to carry on the business at that place in his own name, using the furniture and fixtures belonging to his wife, and paying the rent and other expenses, and taking all the profits, until September, 1877. At that date, he rented a shop at 153 Washington street, and removed his business there. On removing he took with him the furniture and fixtures belonging to his wife, and the sum of $42.21 of the account for which this suit was brought was for services rendered by the plaintiff, at the request of Mr. Reed, in disconnecting and taking up the wash bowls at the Briggs House, and removing and connecting the same with the water and waste-mains at the shop on Washington street. This work it appears, was done without the knowledge of Mrs. Reed; and her husband, in employing the plaintiff, did not assume to contract as her agent or on her behalf but in fact acted for himself and on his own account.

The sum of $67.31, the residue of the account, was for gas-fittings and plumbing in a house on Wabash avenue. The evidence shows that about the 1st of August, 1877, Mr. Reed rented said house in his own name, and had it fitted up with a view to keeping a boarding-house. After taking possession of the premises, he, without the knowledge of his wife, and in no way assuming to act as her agent, ordered the plaintiff to put in said fixtures.

It further appears that in November, 1877, after all of said work was done, it was agreed between Mr. Reed and the plaintiff that said Reed should give his promissory note, due in sixty days, for the entire account, and in pursuance of such agreement, the plaintiff sent his clerk to Reed with the account, whereupon said Reed executed his note to the plaintiff for said amount, and delivered it to the clerk, and received from him the account with a receipt thereon, acknowledging payment by said note. The account when presented was against "B. S.

Reed, Esq.," but on Mr. Reed's suggestion, the initials were changed from " B. S." to "T. G."

As to the facts above stated, there is substantially no contradiction. They are supported by the testimony of both Mr. and Mrs. Reed; and the evidence of the plaintiff, when viewed in the light of his cross-examination, furnishes no material contradiction. It is true, the plaintiff, in his direct testimony, says, in terms, that the work was ordered by Mrs. Reed, furnished on her credit, and charged to her account; but on cross-examination he admits that he had no conversation with her about it, and did not even know her; that nothing was said by Mr. Reed at the time the work was ordered about its being for her, and that the only warrant he had for supposing that it was to be charged to her account was a conversation with Mr. Reed in 1872 or 1873, or perhaps earlier. He swears that at that time he was employed by Mr. Reed to do some work, and that Mr. Reed then told him to charge it to Mrs. Reed, as it related to her property, and that he wanted the account kept in her name and separate from his own. On this request he opened an account in his books with Mrs. Reed, and the amount so charged was afterwards paid by Mr. Reed, the account being rendered to him in Mrs. Reed's name. He admits that he had no other conversation with Mr. Reed on this subject, but that when the work in question was ordered, some four or five years later, he, supposing it to be for Mrs. Reed, charged it to her on his book, in continuation of his former account against her.

The foregoing facts, in our opinion, entirely fail to establish a cause of action against Mrs. Reed. The work was not ordered by her, nor by any one authorized to act for her. Both she and her husband explicitly deny that any agency on his part existed in fact, and there is not a particle of evidence that at the time the work was ordered he pretended or assumed to be acting as her agent. On the contrary, he testifies expressly that such was not the fact. How she can be charged with the price of the work done, under such circumstances, we are at a loss to imagine. Nor can we perceive how the plaintiff's claim is supported by the conversation with Mr. Reed in 1872 or

Reed v. Baggott.

1873, and the transactions to which that related.    Even admitting that Mr. Reed acted as his wife's agent at that time, and was authorized by her so to act, such facts would not tend to show that he had authority to act for her years afterwards, in an entirely different matter.    Even as to the transactions of 1873, the evidence shows no general agency, but merely an agency in relation to one particular subject.    The only evidence of such agency is in the testimony of Mrs. Reed, where she admits that she sent her husband to the plaintiff to get him to do some work in a house on West Monroe street, where she was then living.    In case of a special agency, limited to one particular transaction, the law raises no inference that the agency continues or extends to other matters, and the plaintiff, in his subsequent dealings with Mr. Reed, was not warranted in presuming upon the continuance of the agency.

So far as the account against Mrs. Reed on the plaintiff's books is concerned, there is an entire absence of evidence showing any knowledge on her part that the plaintiff had opened any account against her, and she expressly denies that she knew anything about it.    Nor does it appear that her husband had any authority from her to direct as to how the account should be kept.    Her sending him to the plaintiff to order the work in the West Monroe street house did not confer such authority, either directly or by implication.    The plaintiff could not bind Mrs. Reed by making entries against her in his books, unless such entries were made with her assent, either express or implied There was no express assent, and we have searched the record in vain for evidence of any facts from which such assent can be implied.

It is insisted, however, that because the work for which this suit is brought consisted of additions to or repairs upon the individual property of Mrs. Reed, so that she either has derived, or ultimately will derive, a benefit therefrom, a promise on her part to pay for it will be implied.    It is a sufficient answer that it was not done at her instance or request, so that there is no privity of contract between her and the plaintiff.    The proof is clear that the work was done at the instance of, and under a contract of some kind with Mr. Reed.    The plaintiff,

then, must rely upon the undertaking or promise, express or implied, of the party who employed him, and at whose instance he did the work, and no promise of payment by another party, who happens to be collaterally and incidentally 'benefited thereby, will be implied.

Various rulings of the court in the instructions to the jury are assigned for error, but as what we have said disposes of the case, we do not deem it necessary to discuss the questions thus raised. The verdict is unsupported by the evidence, and the judgment must, for that reason, be reversed.

Judgment reversed.